UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARLES DIDIER CALIXTE,

                    Plaintiff,

        - against -

ACACIA NETWORK, SERA SECURITY,
ALLIED UNIVERSAL, and G4S SECURE
SOLUTIONS,

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2039 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

Plaintiff Charles Didier Calixte ("Plaintiff"), proceeding *pro se*, brought the instant action against Defendants Acacia Network ("Acacia"), Sera Security ("Sera"), Allied Universal ("Allied"), and G4S Secure Solutions ("G4S"), (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.* (*See* Am. Compl., Dkt. 46 ("Am. Compl.") at ECF[1] 3.) Pending before the Court are Plaintiff's objections to the two Reports and Recommendations ("R&Rs") of the Honorable Marcia M. Henry—the first issued on March 31, 2023, ("First R&R") and the second on September 27, 2023, ("Second R&R")—recommending that the Court: (1) grant the motions to dismiss filed by Defendants Acacia, Allied, and G4S for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (*see* 3/31/2023 R&R, Dkt. 117), and (2) dismiss this action against Defendant Sera for failure to

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

effect service under Rule 4(m), (*see* 9/27/2023 R&R Dkt. Order).[2]  For the reasons stated below, the Court adopts both of Judge Henry's well-reasoned R&Rs in full, and Plaintiff's Amended Complaint is dismissed in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history, more fully set forth in Judge Henry's First R&R, (*see* 3/31/2023 R&R, Dkt. 117, at 2–8), and recites only the background relevant to Plaintiff's pending objections.[3]  As Judge Henry explained in that R&R:

> Plaintiff is a black, Haitian American man in his early forties who speaks English "with a strong accent" because it is not his first language. (*See* Am. Compl., at [ECF] 13.)  This case arises from Plaintiff's former employment as a security guard by several different security companies [Sera, Allied, and G4S] between approximately 2018 and 2019.  Each company assigned Plaintiff to work at different job sites [including Acacia] and Plaintiff reported to different supervisors.

(*Id.* at 2.)  Plaintiff filed the present action on April 3, 2019, against Hilda Kryeziu—the Program Director at Acacia—who was subsequently terminated from the docket and substituted with Acacia because there is no individual liability under Title VII. (Compl., Dkt. 1, at ECF 2; Dkt. 5,

---

[2] As explained below, these R&Rs were originally issued as final orders, but the Court construed both as R&Rs following the Second Circuit's September 12, 2024 Order remanding this case and directing the Court to "either address in the first instance the motions to dismiss and the failure to serve one defendant or treat the magistrate judge's orders as reports and recommendations." (Order of USCA, Dkt. 137; 10/23/2024 Dkt. Order.)

[3] The factual allegations are drawn from Plaintiff's Amended Complaint and its accompanying exhibits, which are deemed to be incorporated by reference. *See Soh v. Santmyer*, No. 22-CV-3354 (PKC) (LB), 2022 WL 17585705, at *1 n.3 (E.D.N.Y. Dec. 12, 2022) (explaining that a district court may consider documents attached as exhibits to the complaint, incorporated by reference into the complaint, integral to the complaint, or any matter of which the Court can take judicial notice).

at 1 n.1.)  On May 29, 2019, Plaintiff and Acacia consented to the jurisdiction of the assigned United States Magistrate Judge, the Honorable Lois Bloom.  (Dkt. 9.)

Plaintiff filed his Amended Complaint against Acacia and three new Defendants—Allied, G4S, and Sera—on January 21, 2021, alleging discrimination and retaliation based on race, color, national origin, gender, disability, and age.  (Am. Compl., at ECF 2–3, 6.)  Allied and G4S each filed motions to dismiss the Amended Complaint for failure to state a claim in May 2021.  (Dkts. 51, 53.)  Plaintiff filed an affidavit in opposition to the motions.  (Dkt. 63.)  In June 2021, the case was reassigned to Judge Henry.  (*See* 6/24/2021 Dkt. Order.)  Acacia then moved to dismiss the Amended Complaint for failure to state a claim in July 2021, (Dkt. 64), to which Plaintiff filed another affidavit in opposition, (Dkt. 65).  Judge Henry heard oral argument on the three motions to dismiss on August 26, 2021.  (*See* 8/26/2021 Min. Entry & Order.)

While the motions were pending, Plaintiff filed a slew of letters and affidavits alleging various grievances, some of which were unrelated to the present action.  (*See* Dkts. 80–84, 86, 90– 91, 97– 99, 102–04, & 106–16.)  Although Judge Henry construed Plaintiff's letters "as additional responses to the Defendants' pending motions to dismiss," she did not consider them in ruling on the motions because the motions had already been fully briefed.  (3/21/2023 Dkt. Order.)  On March 31, 2023, Judge Henry issued a Memorandum and Order ("M&O") granting Acacia's, Allied's, and G4S's motions to dismiss the Amended Complaint for failure to state a claim under Title VII, the ADEA, and the ADA.  (3/31/2023 R&R, Dkt. 117.)  With respect to Plaintiff's Title VII and ADEA claims, Judge Henry found that Plaintiff failed to allege facts showing that any adverse employment actions had "resulted from any discriminatory animus on the part of Defendants based on his race, sex, color, national origin, or age," or showing any discriminatory animus based on gender.  (*Id.* at 13, 15.)  Evaluating Plaintiff's ADA claim, Judge Henry found

3

similar pleading defects, determining that Plaintiff had failed to plausibly allege that "he [had] suffered any adverse employment action because of his alleged disability." (*Id.* at 20.) Plaintiff moved for reconsideration, but that motion was denied because Plaintiff failed to "point to controlling decisions or data that the court overlooked." (4/7/2023 Dkt. Order.)

Upon resolution of those motions, the only remaining Defendant was Sera. (3/31/2023 R&R, Dkt. 117, at 23.) Judge Henry noted that Sera had never been served with the Amended Summons and Amended Complaint and had never appeared in the action. (*Id.* at 7 n.8.) The Amended Summons was returned unexecuted on June 2, 2021, because the "company [was] no longer at the address" provided by Plaintiff. (Dkt. 57.) At a telephone status conference with Plaintiff on June 30, 2023, Judge Henry advised Plaintiff that "this action will be dismissed under [Rule 4(m)] if [Sera] is not served," and directed Plaintiff to "file a letter by 08/30/2023 providing the Court with the service address for Sera Security." (6/30/2023 Min. Entry.) On September 27, 2023, Judge Henry dismissed Sera, the only remaining Defendant, after Plaintiff filed several letters with the Court, none of which "provide[d] a service address for [Sera] as directed by the Court or demonstrate[d] good cause for the failure to timely serve the Complaint." (9/27/2023 R&R Dkt. Order.) Plaintiff moved for reconsideration, (Dkt. 132), which Judge Henry denied because Plaintiff had not "offered any controlling decisions or data, or factual matters that the Court failed to consider" in dismissing the case for failure to serve Sera. (11/15/2023 Dkt. Order.)

Plaintiff appealed the denial of his second motion for reconsideration to the Second Circuit on November 20, 2023. (Dkt. 134.) On September 12, 2024, the Second Circuit issued an order dismissing Plaintiff's appeal and remanding the case to this Court, finding that it lacked jurisdiction because "not all the parties [had] consented to jurisdiction before a magistrate judge." (Order of USCA, Dkt. 137, at 1; *see also* Dkt. 139.) Though Plaintiff and Acacia had originally

4

consented, (*see* Dkt. 9), the "defendants named for the first time in the amended complaint [*i.e.*, Allied, G4S, and Sera] . . . did not consent to the magistrate judge's exercise of jurisdiction under 28 U.S.C. § 636(c)," (Order of USCA, Dkt. 137, at 1). The Second Circuit directed this Court to "either address in the first instance the motions to dismiss and the failure to serve one defendant or treat the magistrate judge's orders as reports and recommendations." (*Id.* at 2.) This Court then construed Judge Henry's March 31, 2023 M&O dismissing Defendants Acacia, Allied, and G4S, and the September 27, 2023 Docket Order dismissing Defendant Sera, as R&Rs. (10/23/2024 Dkt. Order.) In doing so, the Court denied Plaintiff's two previous motions for reconsideration as moot. (*Id.*) Plaintiff was granted 30 days to file objections to the R&Rs, and Defendants were given two weeks to respond. (*Id.*) Plaintiff filed his objections on November 25, 2024, and Defendants did not reply. (Pl.'s Objection to R&R, Dkt. 138 ("Pl.'s Objections").)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party timely files written objections to a magistrate judge's findings or recommendations on a dispositive issue, the district court must review *de novo* the aspects to which objections have been made. *See id.*; Fed. R. Civ. P. 72(b). Objections, however, "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). "[G]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review.'" *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (quoting *Owusu v. N.Y. State Ins.*,

5

655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)[.]").

"[W]hen a party makes only conclusory or general objections [to an R&R,] the Court will review the [R&R] strictly for clear error." *Condoleo*, 427 F. Supp. 3d at 319 (quoting *Trivedi v. N.Y. State Unified Ct. Sys. Off. of Ct. Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011)). Similarly, the portions of a magistrate judge's findings and recommendations to which no party timely objects need be reviewed, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the [R&R] of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))). Regardless of whether it engages in *de novo* review or reviews simply for clear error, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's [R&R] in its entirety," particularly when it is "clear" that "the challenges are meritless." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); *accord N.Y.C. Dist. Council of Carpenters*, 335 F. Supp. 3d at 351.

Although "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (cleaned up), "[e]ven a *pro se* party's objections to [an R&R] must be specific and clearly aimed at particular findings . . . such that no party be allowed a

6

'second bite at the apple' by simply relitigating a prior argument," *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

Plaintiff's submission objecting to Judge Henry's two R&Rs consists of several pages of handwritten objections, as well as copies of emails Plaintiff sent in October and November 2024 to various attorneys, elected officials, and court email addresses raising additional concerns. (*See generally* Pl.'s Objections.) Plaintiff's submission is largely unintelligible and does not clearly explain which of Judge Henry's R&Rs each individual assertion is responsive to. (*Id.*) In ruling on Plaintiff's objections, the Court construed his submission "liberally and interpreted [it] to raise the strongest arguments that it suggest[s]." *Triestman*, 470 F. 3d at 474. However, the Court finds that Plaintiff's objections are general and conclusory rather than "specific and clearly aimed at particular findings in the magistrate judge's proposal," *N.Y.C. Dist. Council of Carpenters*, 335 F. Supp. 3d at 351, and thus only clear-error review of Judge Henry's R&Rs is warranted.

Plaintiff's objections are primarily directed at what he perceives to be an unfair process, rather than directed at the substance or merits of the two R&Rs. Among other assertions, Plaintiff writes that a *pro se* Plaintiff "is not responsible to serve the summon[s]," (Pl.'s Objections at ECF 1), and that Defense counsel "committed a malpractice in their memorandum by not telling [Judge Henry] everything that was litigate[d] between [the parties] since EEOC mailed [Plaintiff] the combine right to sue letter that [Judge Bloom] ordered [him] to do," to which "Attorney Lindsey Blackwell had no objection," (*Id.* at ECF 2). He further accused Judge Henry of being "biased and partialed [sic] in making her order on March 31, 2023 to 9/27/2023," and that she was "acting as lawyer for the defendants but not as a Judge." (*Id.* at ECF 3.) Plaintiff claims he has suffered

7

"collateral consequences damages and a lot of burden of proof damages," and objects to defense counsel's "miscarriage in this case by not using the freedom of information act with [Judge Bloom] since 7/18/2019." (*Id.* at ECF 12–13.)  In sum, these objections do not raise any new, substantive arguments that specifically address particular findings in Judge Henry's two R&Rs.

Plaintiff's objections raise various other grievances, including that "the attorney in [his] case ha[s] been doing revenge against [him] outside the court," and that he has been treated as a "criminal[]," and thus seeks relief under the Sixth Amendment.  (*Id.* at ECF 23.)  Plaintiff goes on to complain of additional conduct—though it is not entirely clear against whom these allegations are made—including identity theft, false arrest, stolen property, eviction, and deprivation of government benefits.  (*Id.*)  Similarly, these assertions do not specifically address particular findings in the R&Rs, nor do they appear to be relevant to the claims in Plaintiff's Amended Complaint in any way.

In light of the foregoing, the Court reviews Judge Henry's two R&Rs for clear error.  *See Condoleo*, 427 F. Supp. 3d at 319.  The Court has reviewed Judge Henry's well-reasoned March 31, 2023 R&R recommending that this Court grant the motions to dismiss filed by Defendants Acacia, Allied, and G4S, and Judge Henry's September 27, 2023 R&R recommending dismissal of Defendant Sera, and finds no "clear error on the face of the record" as to either.  *Jarvis,* 823 F. Supp. 2d at 163.  Thus, the Court adopts Judge Henry's two R&Rs in full.

## CONCLUSION

Having adopted Judge Henry's two R&Rs in their entirety, the Court grants the motions to dismiss filed by Acacia, Allied, and G4S for failure to state a claim pursuant to Rule 12(b)(6), and dismisses Defendant Sera for failure to effect service under Rule 4(m).  Accordingly, Plaintiff's Amended Complaint is dismissed in its entirety.  The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case.

                                                SO ORDERED.

                                        */s/ Pamela K. Chen*
                                        Pamela K. Chen
                                        United States District Judge

Dated: February 12, 2025
       Brooklyn, New York