UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHARLES DIDIER CALIXTE,

                Plaintiff,

    - against -

ACACIA NETWORK, SERA SECURITY,
ALLIED UNIVERSAL, and G4S SECURE
SOLUTIONS,

               Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2039 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

Plaintiff Charles Didier Calixte ("Plaintiff"), proceeding *pro se*, brought the instant action against Defendants Acacia Network ("Acacia"), Sera Security ("Sera"), Allied Universal ("Allied"), and G4S Secure Solutions ("G4S"), (collectively, "Defendants"), alleging employment discrimination. (*See* Am. Compl., Dkt. 46, at ECF[1] 3.) On October 23, 2024, pursuant to the Second Circuit's September 12, 2024 Order, (Order of USCA, Dkt. 137), this Court construed as Reports and Recommendations ("R&Rs") the presiding Magistrate Judge Henry's (1) March 31, 2023 Memorandum & Order granting Defendants Acacia, Allied, and G4S's motions to dismiss the Amended Complaint and (2) September 27, 2023 Order dismissing the action against Sera for Plaintiff's failure to provide an address for service. (*See* 10/23/2024 Dkt. Order.) Plaintiff filed objections to the R&Rs on November 25, 2024. (Pl.'s Objections to R&R, Dkt. 138.) After finding that Plaintiff failed to set forth "new, substantive arguments that specifically address particular findings in Judge Henry's two R&Rs," this Court adopted the R&Rs in their entirety and dismissed

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

the Amended Complaint. *Calixte v. Acacia Network*, No. 19-CV-2039 (PKC) (MMH), 2025 WL 470379, at *3–4 (E.D.N.Y. Feb. 12, 2025). By letter dated February 26, 2025, Plaintiff moved for reconsideration of the Order adopting Judge Henry's R&Rs and dismissing this case in its entirety. (Pl.'s Mot. Reconsideration ("Recon. Mot."), Dkt. 143.) Plaintiff also filed several additional letters in support of his motion. (*See* Dkts. 144–146.) For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## LEGAL STANDARD

"[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citation omitted). Furthermore, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted).

## DISCUSSION

Liberally construing *pro se* Plaintiff's submissions, the Court finds that Plaintiff has failed to provide a basis for reconsideration of this Court's Order adopting Judge Henry's R&Rs. Plaintiff's submissions raise the same arguments already considered by this Court. (*See* Recon. Mot., Dkt. 143 (rehashing arguments about service of the summons on Defendant Sera and claiming Sera was in default); Dkt. 144 (same); Dkt. 145 at ECF 1 (same and claiming Defense

counsel "manipulated the docket [to] correct their fraud about Sera Security"); Dkt. 146 (same and alleging various other grievances unrelated to this case).)

A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F.Supp.2d 17, 19 (S.D.N.Y. 2005). Because Plaintiff has failed to set forth controlling decisions, data, or factual matters that this Court overlooked, *see Cho*, 991 F.3d at 170, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

Accordingly, Plaintiff has not shown that he is entitled to reconsideration of the Court's Order adopting Judge Henry's R&Rs granting Defendants Acacia, Allied, and G4S's motions to dismiss the Amended Complaint and dismissing the action against Sera for Plaintiff's failure to provide an address for service. Plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). This case remains closed and no further motions for reconsideration shall be considered.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 3, 2025
       Brooklyn, New York

3